```
            _____

            No. 95-2968
            _____
```

United States of America,               *
                                         *
            Appellee,                    *
                                         *
      v.                                 *
                                         *
Marcus Williams,                         *
                                         *
            Appellant.                   *

```
            _____
```
                                              Appeals from the United States
            No. 95-2972                       District Court for the
```
            _____
```
                                              Eastern District of Missouri.

United States of America,               *
                                         *
            Appellee,                    *
                                         *
      v.                                 *
                                         *
Cortez Williams,                         *
                                         *
            Appellant.                   *

```
                        _____
```

                Submitted:  January 9, 1996

                  Filed:  March 5, 1996
```
                        _____
```

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
```
                        _____
```

BEAM, Circuit Judge.


      Marcus Williams (Marcus) and Cortez Williams (Cortez) appeal their
convictions and sentences for conspiracy to distribute and distribution of
crack cocaine.  Both appellants challenge the sufficiency of the
government's evidence regarding the quantity of

drugs for which they were held responsible at sentencing.  Marcus also challenges the qualifications of a member of his jury.

## I.    BACKGROUND

Marcus and Cortez Williams were charged with conspiracy to distribute and distribution of cocaine base.  A woman named Mary Williams was on the jury venire.  During voir dire the court asked defendant Marcus Williams to stand and inquired, "Do any members of the jury panel know Marcus Williams?"  Mary Williams did not respond.  Later during voir dire, the government asked Mary Williams specifically, "Have you ever run across the names of these two defendants?"  Mary Williams responded, "Not that I know of."  At the conclusion of voir dire, Mary Williams was selected to be on the jury.

At trial, the government called Highway Patrol Trooper Paula Woodruff and an informant, James Suggs, as witnesses.  Woodruff testified that, with the help of Suggs, she bought drugs from the defendants on October 1, 1993, in a school parking lot.  Even though she purchased only one-quarter ounce of cocaine base, she testified that the defendants were in possession of at least one ounce at that time.

Marcus's defense was one of misidentification.  He claimed he was not involved in the alleged transaction, but that another man, also named Marcus Williams, was the real culprit.[1]  The jury did not believe the misidentification defense.  Following a three-day trial, it convicted the defendants of both counts.  After trial, Marcus claimed that the "other" Marcus Williams, upon whom he tried to blame the drug transaction, was the grandson of juror Mary

---

[1]This theory appears to be stronger in hindsight than at trial.  In fact, the trial testimony regarding the "other" Marcus Williams consisted solely of tidbits from the defense's cross-examination of Suggs and its direct examinations of Marcus and Cortez.  At best, this testimony merely established that another Marcus Williams existed.

Williams.  Subsequently, Marcus moved for a new trial alleging juror Mary Williams withheld information during voir dire which would have disqualified her from serving on the jury.  The motion was denied.

At sentencing, Suggs testified to many drug transactions, in addition to the school parking lot sale, in which he and the defendants were involved.[2]  Suggs was the only witness who testified to these transactions.  The district court held the defendants responsible for the entire one ounce (28.35 grams) of cocaine base involved in the school parking lot sale.  The district court also accepted part of Suggs's testimony and used it to set the defendants' base offense levels.[3]  Marcus was sentenced to 240 months imprisonment and five years supervised release.  Cortez was sentenced to 156 months imprisonment and five years supervised release.  Marcus and Cortez appeal their convictions and sentences.

## II.  DISCUSSION

### A.    Drug Quantity

Both appellants maintain that their sentences are improper because the government failed to prove, by a preponderance of the

---

[2]Suggs estimated he had purchased at least one kilogram of cocaine base from Marcus, typically in one-sixteenth ounce or one-quarter ounce quantities.  Suggs further estimated 30 to 40 purchases from Cortez, in similar quantities.  This suggests that over 100 sales of cocaine base occurred between the defendants and Suggs.

[3]Marcus's presentence report recommended a base offense level of 38.  At sentencing, the district court found that 36 was a more appropriate base offense level.  U.S.S.G. §2D1.1(c)(2) (at least 500 grams, but less than 1.5 kilograms of cocaine base).  Cortez's presentence report recommended a base offense level of 36.  At sentencing, the district court found that 32 was a more appropriate base offense level.  U.S.S.G. §2D1.1(c)(4) (at least 50 grams, but less than 150 grams of cocaine base).

evidence, the drug quantities for which they were held responsible. The sentencing guidelines provide that, in determining the appropriate base offense level, the sentencer is to consider all acts and omissions that "were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. §1B1.3(a)(2). In so doing, the district court considered Suggs's testimony. Appellants claim that Suggs's status as an informant, exchanging information for leniency in his own sentencing, proves the unreliability of his testimony. Because Suggs was the only witness who testified to these other drug transactions, the appellants argue that the government's evidence was insufficient to prove their involvement in those sales.

Although the government must prove all elements of a crime beyond a reasonable doubt, the government need only prove drug quantity, for purpose of sentencing, by a preponderance of the evidence. United States v. Smiley, 997 F.2d 475, 481 (8th Cir. 1993). The district court's calculation of drug quantity is reviewed under a clearly erroneous standard and will be upheld absent a definite and firm conviction that a mistake has been made. United States v. Simmons, 964 F.2d 763, 773 (8th Cir.), cert. denied, 506 U.S. 1011 (1992). In this case, we are convinced that no such mistake was made.

Suggs's testimony, although not entirely credited by the district court, established Marcus's rather extensive involvement in drug trafficking from October 1992 to September 1993 and Cortez's similar involvement from July 1993 to September 1993.[4] To arrive at 36 for Marcus's base offense level, the district court found that Marcus was responsible for at least 500 grams of cocaine base, based on the testimony of Woodruff and Suggs. Similarly, to arrive at 32 for Cortez's base offense level, the district court

---

[4]In September 1993, Suggs was arrested for drug offenses and began to assist the government as an informant.

found that Cortez was responsible for at least fifty grams of cocaine base, also based on the testimony of Woodruff and Suggs. Suggs's testimony alone established ranges in excess of these amounts. The district court's calculation was supported by sufficient evidence and, therefore, was not clearly erroneous.

### B.    Juror Misconduct

Marcus claims that he should be given a new trial due to juror Mary Williams's alleged failure to disclose material information on voir dire. The test for whether a new trial should be given under such circumstances was set forth in McDonough Power Equip., Inc. v. Greenwood. 464 U.S. 548, 556 (1984). See also Bennett v. Lockhart, 39 F.3d 848, 853 (8th Cir. 1994) (application of McDonough in criminal case), cert. denied, 115 S. Ct. 1363 (1995). Under McDonough, the party challenging the juror's qualifications must show that the juror failed to honestly answer a material question on voir dire and that a correct response would have provided a valid basis for a challenge for cause. McDonough, 464 U.S. at 556. The district court has broad discretion in handling allegations of juror misconduct and its decision will be affirmed absent an abuse of discretion. United States v. Wiley, 997 F.2d 378, 383-84 (8th Cir.), cert. denied, 114 S. Ct. 600 (1993). Upon review of the record, we find no abuse of the district court's discretion in denying the new trial motion.

There has been no showing that juror Mary Williams deliberately concealed information or failed to honestly answer any question on voir dire. She was not asked whether she had a grandson named Marcus Williams or whether the name Marcus Williams, in general, was familiar to her. Instead, she was asked whether the names of "these two" defendants meant anything to her. Apparently, they did not. Because Marcus has failed to reveal any false or misleading answer to any question propounded on voir dire, a new trial is not warranted. For these same reasons, a post-trial

-5-

evidentiary hearing on whether misconduct occurred is also unwarranted. See, e.g., United States v. Moses, 15 F.3d 774, 778 (8th Cir.), cert. denied, 114 S. Ct. 2691 (1994).

What occurred here was not an ideal textbook voir dire. However, the defense was most familiar with the claim of misidentification and was in the best position to question the jury regarding the "other" Marcus Williams. Instead, the defense did not ask any questions during voir dire regarding the "other" Marcus Williams or mention him during its opening statement. See, e.g., United States v. Hoelscher, 914 F.2d 1527, 1542 (8th Cir. 1990) (defense counsel's failure to question juror on voir dire raised "strong suspicion" that counsel deliberately gambled on possibility of favorable juror), cert. denied, 498 U.S. 1090 (1991). Thus, the defense assumed the risk that it would get jurors familiar with the "other" Marcus Williams. We have considered the remainder of appellants' claims and find them to be without merit.

## III. CONCLUSION

We find no error in the district court's calculation of drug quantities for sentencing or in its refusal to grant a new trial for alleged juror misconduct. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-