_____

No. 95-3823
_____

United States of America,          *
                                    *
            Appellee,               *
                                    *   Appeal from the United States
      v.                            *   District Court for the
                                    *   District of Nebraska.
Corey J. Hupp,                      *
                                    *        [UNPUBLISHED]
            Appellant.              *


_____

        Submitted:  May 2, 1996

          Filed:  May 10, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Corey J. Hupp challenges the 41-month sentence imposed by the
District Court[1] after he pleaded guilty to conspiring to distribute
methamphetamine and to possess it with intent to distribute, in violation
of 21 U.S.C. §§ 841(a)(1) and 846 (1988).  We affirm.


     After an evidentiary hearing at which Marcia and Ron Delgado
testified about methamphetamine distributions they had made to Hupp, the
District Court found Hupp was responsible for two ounces of
methamphetamine, and was not entitled to an acceptance-of-responsibility
reduction under U.S.S.G. § 3E1.1.


     Hupp first contends that the parties agreed he would be held
accountable for only one ounce of methamphetamine, and that the


_____

        [1]The Honorable Warren K. Urbom, United States District Judge
for the District of Nebraska.

government breached the plea agreement by introducing evidence of other drug activity at the evidentiary hearing. We reject this contention, as the change-of-plea transcript clearly reflects that the parties agreed the amount of methamphetamine at issue would be determined at sentencing, and that there was no suggestion of any limit on that amount. Moreover, Hupp did not make this argument below.

We also reject Hupp's argument that the District Court clearly erred in calculating the amount of methamphetamine for which he was responsible. See United States v. Williams, 77 F.3d 1098, 1100 (8th Cir. 1996) (standard of review). The District Court's decision to credit Marcia's testimony in making its finding is virtually unassailable on appeal. See United States v. Wessels, 12 F.3d 746, 754 (8th Cir. 1993), cert. denied, 115 S. Ct. 105 (1994). Hupp maintains that the District Court should not have held him accountable for methamphetamine Marcia distributed to him around Christmas 1992, the month before the beginning date of the conspiracy as alleged in the indictment. Ron, however, testified that he distributed methamphetamine to Hupp during the relevant period, and to the extent Hupp received methamphetamine from Marcia in the month prior to the beginning date alleged in the indictment, this conduct was part of "the same course of conduct or common scheme or plan involving the offense of conviction" and thus constituted relevant conduct. See U.S.S.G. § 1B1.3(a)(2); Williams, 77 F.3d at 1100; United States v. Chatman, 982 F.2d 292, 294 (8th Cir. 1992).

Finally, we conclude the District Court did not clearly err in refusing to grant Hupp an acceptance-of-responsibility reduction, because Hupp denied the extent of his role in the offense. See U.S.S.G. § 3E1.1, comment. (n.1(a)); United States v. Evans, 51 F.3d 764, 766 (8th Cir. 1995) (standard of review).

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.