# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2772

_____

| | | |
|---|---|---|
| Willie James Luckett, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Mike Kemna, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 19, 1999

Filed:  February 18, 2000

_____

Before RICHARD S. ARNOLD, WELLFORD,[1] and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Willie James Luckett, Jr., was charged with first-degree murder in Missouri state court.  During jury selection at Luckett's trial, the prosecutor used eight of his nine peremptory challenges to exclude potential African-American jurors.  The prosecutor also used one of his peremptory challenges to exclude a potential African-American alternate juror.  This resulted in a jury with only one African-American member and one African-American alternate.  Luckett objected, claiming that the prosecutor

_____

[1]The Honorable Harry W. Wellford, United States Circuit Judge for the Sixth Circuit, sitting by designation.

exercised the peremptory challenges in a racially discriminatory manner. The trial judge then held a hearing to allow Luckett to present evidence that the prosecutor engaged in racial discrimination. During the hearing, the prosecutor provided neutral, non-racial reasons for his challenges.

At the conclusion of the hearing, the trial judge denied Luckett's objection, reasoning that Luckett had not established a prima facie showing of race discrimination because the prosecution had not used "all of its peremptory strikes to eliminate all members of the black race from the jury to hear the cause." In addition, the trial judge found that the prosecutor had sufficiently justified each of his peremptory challenges with reasons "other than purely exercising the challenge on the basis of race" and had "stated unequivocally that none of those challenges were exercised on the sole basis of race alone." The trial continued and Luckett was convicted.

Luckett unsuccessfully appealed the trial court's ruling through the Missouri courts.[2] Luckett then filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus in federal district court.[3] The district court denied his petition. We granted Luckett's motion for a certificate of appealability, and now affirm the district court.

The government violates the Equal Protection Clause when it exercises peremptory challenges to strike potential jurors on account of their race. See Batson v. Kentucky, 476 U.S. 79, 89 (1986). To prove a Batson violation, a defendant must first make a prima facie showing that the prosecution exercised its peremptory

---

[2]See State v. Luckett, 770 S.W.2d 399 (Mo. App. 1989). Luckett's application for a transfer to the Missouri Supreme Court was denied on June 13, 1989.

[3]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri, adopting the Report and Recommendation of The Honorable Lawrence O. Davis, United States Magistrate Judge for the Eastern District of Missouri.

challenges based on race.  See United States v. Jones, 195 F.3d 379, 381 (8th Cir. 1999).  If this showing is made, the burden then shifts to the prosecution to give a racially neutral explanation for the challenges.  See id.  Finally, the defendant must meet his burden of proving purposeful discrimination.  See id.

Luckett argues that the trial court erred in holding that a prima facie case was not met unless the prosecution used "all of its peremptory strikes to eliminate all members of the black race from the jury to hear the cause."  In assessing his Batson claim on habeas corpus review, the trial court's finding of no prima facie showing will be reversed only if it is not fairly supported by the record.  See Purkett v. Elem, 514 U.S. 765, 769 (1995) (per curiam) (state court findings of fact are set aside on habeas corpus review only if they are not fairly supported by the record); United States v. Moore, 895 F.2d 484, 485 (8th Cir. 1990) (trial court decision on whether prima facie Batson case has been shown is finding of fact).[4]

A prima facie Batson violation can be established by relevant facts and circumstances that raise an inference that the prosecutor used peremptory challenges in a racially discriminatory manner.  See Batson, 476 U.S. at 96.  Relevant circumstances can be demonstrated by, among other things, a pattern of strikes, and the prosecutor's questions and statements during jury selection.  See id. at 97.  Although the number of African-Americans struck is relevant to determining whether a defendant has made a prima facie case, that evidence alone is insufficient to negate or create such a case.  See, e.g., United States v. Johnson, 873 F.2d 1137, 1139-40 (8th Cir. 1989).

---

[4]Luckett filed his habeas corpus petition prior to implementation of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  See Pub. L. No. 104-132, 110 Stat. 1214, 1218-21 (April 24, 1996).  Thus, we apply the pre-AEDPA standard of review.

Accordingly, we agree with Luckett's contention that the trial court erred when it decided that he had not established a prima facie case based on numbers alone. However, Luckett provided the trial court with no other facts and circumstances, outside of mere numbers, to support his prima facie case. Luckett's failure to provide additional evidence raising an inference of discrimination, the prosecutor's provision of race-neutral reasons, and Luckett's failure to make any argument at the hearing that the prosecutor's explanations were pretextual leads us to conclude that the record fairly supports a finding that Luckett failed to make a prima facie showing. See United States v. Dawn, 897 F.2d 1444, 1447-49 (8th Cir. 1990) (prima facie case not established when prosecutor used six of seven peremptory challenges to exclude African Americans, prosecutor provided race-neutral reasons, and defendant failed to present any other evidence of racial discrimination).

At the hearing, Luckett did nothing more than note that the prosecutor had used most of his peremptory challenges against potential African-American jurors; relate the occupation of each of the eliminated jurors; and point out that each of the eliminated jurors could not have been struck for cause. With the exception of the numbers, none of this evidence raises the inference necessary to make a prima facie Batson showing.

Moreover, the record demonstrates that the prosecutor had race-neutral reasons for the challenges. The prosecutor justified his peremptory challenges of African-American venire persons as follows: one had previously been arrested and his cousin had been shot by the police; another had a nephew who was incarcerated; another had a grudge against police officers due to the nature of her brother's arrest; another had a cousin who had been convicted of burglary and had been harassed by the police; two others gave weak answers in response to whether they would be willing to impose the death penalty; and another gave weak responses on death penalty questions and was very close in age to the defendant. The potential alternate juror was struck because he

-4-

also was weak on the death penalty and similar in age to the defendant.[5] These are all race-neutral reasons. See Shurn v. Delo, 177 F.3d 662, 665 (8th Cir.) (reluctance to impose death penalty is race-neutral reason), cert. denied, 120 S. Ct 510 (1999); United States v. Martinez, 168 F.3d 1043, 1047 (8th Cir. 1999) (age); Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (relative in jail); United States v. Wiggins, 104 F.3d 174, 176 (8th Cir. 1997) (prior contacts of juror and relative of juror with criminal justice system).

Further, Luckett made no arguments and developed no record in the trial court to demonstrate that the prosecutor's reasons were pretextual. While Luckett now argues that the explanations involving weak answers on the death penalty were pretext because a white juror who was weak on the death penalty was not challenged, this argument is wholly insufficient to establish pretext. Our review of the record indicates that only the potential African-American alternate juror struck may have been more willing to consider a death sentence than the white juror with whom Luckett draws a comparison. However, to demonstrate pretext, Luckett must show that the white juror who gave the weaker answers on the death penalty was similar in relevant aspects to the challenged African-American juror. See Kilgore v. Bowersox, 124 F.3d 985, 992 (8th Cir. 1997) (no pretext when unchallenged white jurors were not "identical" to African-American jurors challenged), cert. denied, 118 S. Ct. 2352 (1998). The state further justified its challenge to the potential African-American alternate juror because he was similar in age to the defendant. In contrast, the unchallenged white juror was similar in age to the victim.[6] Thus, Luckett's inability to establish pretext even after-the-fact bolsters our conclusion that he did not establish a prima facie case.

---

[5]The prosecutor did not provide a race-neutral reason for one of his challenges. However, Luckett does not argue that the challenge of this juror violated Batson.

[6]At the time of trial, the defendant was 27-years-old. The murder victim was 54-years-old.

Finally, at oral argument, the question arose as to whether the trial court held that race was partially a motivating factor when it wrote that the prosecutor did not rely "purely" on race in making the peremptory challenges. If the trial court held that race was a partial factor, it could be argued that the trial court erred by not engaging in a dual motivation analysis. See United States v. Darden, 70 F.3d 1507, 1531 (8th Cir. 1995) (if a party exercises a peremptory challenge in part for a discriminatory purpose, the trial court must decide whether the strike would have nonetheless been exercised even if a discriminatory purpose had not been present). This argument was not made in Luckett's brief to the Missouri Court of Appeals, district court, or this court. We also think these findings from the trial court were merely an inartful articulation of the Batson standards–a lack of eloquence easily attributed to the newness of Batson at the time of the trial court's ruling.[7] However, because we find the record fairly supports the trial court's conclusion that Luckett did not make a prima facie case, we need not reach this issue.[8]

The district court decision is affirmed.

---

[7]Batson was decided in April 1986, and the trial court made its ruling in this case in November of 1987.

[8]As a general rule, when the prosecutor offers a race-neutral explanation and the trial court has ruled on the ultimate question of intentional discrimination, the issue of whether the defendant made a prima facie showing is moot. See Hernandez v. New York, 500 U.S. 352, 359 (1991). However, we do not apply this rule because we conclude that the added statements of the trial court were not a holding on the ultimate question of intentional discrimination. Moreover, even if we assumed that this was a holding on the ultimate question of intentional discrimination, we could still uphold the trial court without remand. See United States v. Tokars, 95 F.3d 1520, 1533-34 (11th Cir. 1996) (recognition of race-neutral reasons by trial court provides appropriate findings for appellate court to apply dual-motivation analysis). But see Murray v. Groose, 106 F.3d 812, 814 (8th Cir. 1997) (noting that failure to apply dual-motivation when court found that strikes were not made purely on racial grounds "might" be error).

-6-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.