# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1972
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| James McCaw, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 4, 2004

Filed: March 8, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

A superseding indictment charged James McCaw with transporting in interstate commerce stolen goods and vehicles on various dates between January and May 2002, see 18 U.S.C. §§ 2312, 2314, and 2; and transferring without authorization other persons' social security numbers, with intent to commit and aid and abet unlawful activity, see 18 U.S.C. § 1028(a)(7). A jury found McCaw guilty on eighteen counts, and the district court[*] sentenced him to 262 months imprisonment

_____

[*]The Honorable Carol E. Jackson, Chief Judge, United States District Court for the Eastern District of Missouri.

and three years supervised release, and ordered restitution of $229,993. On appeal, McCaw contends the district court abused its discretion in admitting evidence under Federal Rule of Evidence 404(b), and should have granted a mistrial when a juror revealed she knew one of the government's witnesses. We affirm.

The trial evidence included the testimony of ten accomplices who entered guilty pleas and testified for the government. McCaw was the leader of a group that would steal construction or farming equipment, steal a large truck to haul the equipment, drive to another state to sell the property, abandon the truck, and return home in a rented car. Among other things, McCaw chose the property to steal, arranged for its sale, and paid his accomplices a portion of the proceeds. In addition, McCaw provided stolen social security numbers to different accomplices, who used them to obtain credit or store merchandise with instant credit.

Although some of the witnesses testified about uncharged criminal activity McCaw had engaged in, the jury was properly instructed as to the limited use of this evidence, and we find no abuse of discretion. See Fed. R. Evid. 404(b) (evidence of other crimes may be admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake); United States v. Claxton, 276 F.3d 420, 422-23 (8th Cir. 2002) (noting Rule 404(b) is rule of inclusion permitting evidence of other crimes or acts relevant to any trial issue, unless it tends to prove only criminal propensity). In addition, we agree with the government that some of the evidence to which McCaw points--much of which drew no objection--was not Rule 404(b) evidence. See United States v. Holliman, 291 F.3d 498, 501-02 (8th Cir. 2002) (evidence was connected to conspiracy involving interstate transportation of stolen vehicles and was admissible under res gestae doctrine rather than Rule 404(b)), cert. denied, 537 U.S. 1137 (2003); see also United States v. Guerra, 113 F.3d 809, 816 (8th Cir. 1997) (plain-error review for issue not raised at trial).

Contrary to McCaw's position on appeal, we also find the district court did not abuse its discretion in declining to remove a juror after she advised the court she recognized a witness. According to the juror, the witness's name had not caught her attention during voir dire, and she assured the court her knowledge of the witness would have no effect on her ability to judge his testimony. Cf. United States v. Tucker, 137 F.3d 1016, 1026 (8th Cir. 1998) (standard of review; to obtain new trial for concealed juror bias, party needed to show (1) juror answered voir dire question dishonestly, not just inaccurately, (2) juror was motivated by partiality, and (3) true facts, if known, would have supported striking her for cause); United States v. Melius, 123 F.3d 1134, 1138 (8th Cir. 1997) (trial court is obligated to use with great caution its power to order mistrial in cases involving possible juror bias), cert. denied, 522 U.S. 1084 (1998).

We thus affirm McCaw's convictions.

_____