# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2945
_____

United States of America

*Plaintiff - Appellee*

v.

James Robinson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 15, 2022
Filed: May 31, 2022
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

James Robinson was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *Voir dire* for Robinson's trial consisted of forty-three venirepersons. Only two venirepersons were black, venirepersons 10 and 25.

During *voir dire*, the district court[1] asked, "Have any of you or a close friend or relative ever been arrested for or charged with a crime or placed on probation in state or federal court where the punishment was one year or more?" Venirepersons 1, 9, 10, 14, and 15 answered affirmatively. Venirepersons 1, 14, and 15 had family members or friends with a criminal history but did not indicate that they had visited them in prison. Venireperson 9's father and close friend had been in prison or on probation, and venireperson 9 had visited his friend when he was in prison ten to twelve years before Robinson's trial. Similarly, venireperson 10's "brother and other family and friends . . . ha[d] been in federal prison for narcotics distribution." Venireperson 10 had visited her brother several times while he was incarcerated, and the last visit was more than ten years before Robinson's trial. When asked, "Would your brother's situation cause you in any way not to be able to fairly and impartially decide this case based on the evidence presented here?" she responded, "No." She said her brother's most recent prison sentence was "about two years ago."

The Government exercised peremptory strikes on venirepersons 3, 5, 8, 9, 10, 14, and 31. Venireperson 10 was black. Robinson objected to the strike of venireperson 10 on the ground that it was motivated by a discriminatory purpose. The Government responded that it moved to strike venireperson 10 because she had visited a relative in prison and had also been previously employed by a charitable organization that works with young men in the criminal justice system. The Government also noted that it had moved to strike another venireperson who had visited a close family member in prison.

The district court permitted the strike because it concluded that the Government provided legitimate nondiscriminatory reasons for striking venireperson 10 and that there was not a similarly situated venireperson the

---

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

Government did not strike.  At trial, the jury found Robinson guilty.  Robinson appeals and makes three arguments.[2]

First, Robinson argues that the district court clearly erred in permitting the Government to strike venireperson 10.  "Ordinarily, we review for clear error a district court's finding that a peremptory strike was not based on race." *United States v. Hill*, 31 F.4th 1076, 1080 (8th Cir. 2022).  "*Batson* provides a three-step process for a trial court to use in adjudicating a claim that a peremptory challenge was based on race." *Snyder v. Louisiana*, 552 U.S. 472, 476 (2008).

> First, the party objecting to the strike must make a prima facie showing that the strike has been exercised on the basis of race.  Second, if that showing has been made, the opposing party must offer a race-neutral basis for striking the juror in question.  Third, in light of the parties' submissions, the trial court must determine whether the objecting party has shown purposeful discrimination.  The ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the party opposing the strike.

*Hill*, 31 F.4th at 1080 (internal quotation marks, brackets, and citations omitted).

The district court did not clearly err in permitting the Government to strike venireperson 10.  "The standard that a party defending a *Batson* challenge must meet is extremely low." *Moran v. Clarke*, 443 F.3d 646, 652 (8th Cir. 2006).  The Government articulated two valid race-neutral reasons to rebut Robinson's *prima facie* showing.  It explained that it struck venireperson 10 because she had visited her brother in prison and was previously employed at an organization that worked with young men in the criminal justice system.  Even though venireperson 10 had not worked at the organization for several years, past employment is a valid, race-

---

[2]Robinson also filed a *pro se* motion to remand the action to state court under 28 U.S.C. § 1447(c), arguing that his case was improperly removed from state court. We deny this motion because Robinson's case was not removed from state court.

neutral reason to strike a potential juror.[3] *See United States v. Grandison*, 885 F.2d 143, 149 (4th Cir. 1989) ("Numerous valid factors may influence a prosecutor to strike a particular potential juror, including current *and past* employment . . . ." (emphasis added) (internal quotation marks omitted)); *United States v. Maxwell*, 473 F.3d 868, 872 (8th Cir. 2007) ("The inference that a juror's employment might make the juror more sympathetic to a criminal defendant is a valid, race-neutral reason for striking a juror."). In fact, we have previously held that working at an organization "with a goal of rehabilitating criminals following their release from prison" is a valid, race-neutral reason for striking a potential juror. *United States v. Young*, 753 F.3d 757, 780-81 (8th Cir. 2014). So is a family member's criminal history. *See, e.g.*, *United States v. Rodriguez*, 581 F.3d 775, 791-92 (8th Cir. 2009); *United States v. Brooks*, 2 F.3d 838, 840-41 (8th Cir. 1993).

Robinson also argues that the Government failed to strike similarly situated venirepersons who had close friends or relatives with a criminal history, though he did not raise this argument below. Our precedent is unclear about whether this argument gets no review or plain-error review. *See Hill*, 31 F.4th at 1082-84. But even if we apply plain-error review, we find no plain error. One of the Government's reasons for striking venireperson 10 was that she had visited her brother in prison, and the Government also moved to strike the other venireperson who had visited someone in prison, venireperson 9. Thus, there is no similarly situated venireperson whom the Government did not move to strike.

Additionally, Robinson asserts that the Government's strike was motivated by a desire to eliminate the only black venireperson. The record belies this claim

---

[3]Robinson argues that venireperson 10's employment history is not part of the record because it was found only in a jury questionnaire and not inquired about during *voir dire*. But Robinson's counsel referred to the questionnaires during *voir dire*, and we have previously held that the district court did not clearly err in permitting the Government to strike a venireperson based in part on his answer to a question on a jury questionnaire. *See United States v. Ortiz*, 315 F.3d 873, 896-97 (8th Cir. 2002). Therefore, the Government was permitted to rely on venireperson 10's questionnaire answer as a reason for striking her.

because there was another black venireperson whom the Government did not move to strike and who served on the jury.

Second, Robinson argues that the Eastern District of Missouri's jury management plan discriminated against him because jurors are chosen from a single division within the Eastern District of Missouri rather than from the entire district. Normally, we review *de novo* a claim that a defendant's Sixth Amendment right to trial by an impartial jury drawn from a fair cross-section of the community was violated. *United States v. Reed*, 972 F.3d 946, 953 (8th Cir. 2020). But because this claim was not raised to the district court, we review for plain error. *See United States v. Olano*, 62 F.3d 1180, 1187 (9th Cir. 1995). Robinson has not met his burden to show that the plan violated his Sixth Amendment rights because he has not shown (1) that "the representation of [black persons] in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community" and (2) "that the underrepresentation of [black persons], generally and on his venire, was due to their systematic exclusion in the jury-selection process." *See Duren v. Missouri*, 439 U.S. 357, 364, 366 (1979). Therefore, the district court did not plainly err.

Finally, Robinson claims that his Fifth Amendment due process rights were violated because the Government failed to establish the identity of the accused at trial. However, Robinson has waived this issue by failing to "meaningfully develop or argue" it. *See United States v. Ruzicka*, 988 F.3d 997, 1006 (8th Cir. 2021) (alteration omitted).

For the foregoing reasons, we affirm Robinson's conviction.

_____