United States Court of Appeals

For the Eighth Circuit

_____

No. 21-2974
_____

United States of America

*Plaintiff - Appellee*

v.

Shaun Michael Farrington

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: April 12, 2022
Filed: August 1, 2022
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

GRUENDER, Circuit Judge.

A jury convicted Shaun Michael Farrington of possession with intent to distribute methamphetamine and conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He appeals the district court's[1] denials

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired, adopting the Report and Recommendation of the Honorable Stephen B. Jackson, Jr., United States Magistrate Judge for the Southern District of Iowa, with respect to the motion to suppress.

of his motion to suppress evidence, his motion to strike a juror for cause, and his motion to admit a portion of a video recording. We affirm.

**I.**

In October 2019, Henry County Sheriff's Office Investigator Jesse Bell was surveilling a vehicle as part of a drug investigation. He watched Farrington and Stefani Goodwin leave a motel, approach the vehicle, and place several bags into the car. They entered the vehicle, and Farrington drove away. Because Farrington's driver's license was suspended, Investigator Bell asked Sergeant David Wall to conduct a traffic stop. Sergeant Wall stopped the vehicle at approximately 6:46 p.m., and his drug-detection dog, Uno, signaled that he had detected drugs. Sergeant Wall then searched the vehicle and discovered drug paraphernalia and four lockboxes. Farrington was arrested, the lockboxes were seized and transported to an evidence shed at the sheriff's office, and the vehicle was separately towed to the sheriff's office. Prior to 10:00 p.m., Sergeant Wall had Uno conduct a sniff test around the lockboxes, and Uno signaled that he detected drugs. The officers then obtained a search warrant for the lockboxes, and the search revealed methamphetamine. Sergeant Wall testified that the time between the sniff test at the sheriff's office and the issuance of the search warrant was about two hours.

Farrington was indicted for possession with intent to distribute methamphetamine and conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He moved to suppress the evidence derived from the traffic stop, the seizure of the lockboxes, and the sniff test of the lockboxes. The district court denied the motion.

Farrington also brought a motion *in limine* to exclude a twelve-second excerpt of a jail video-call recording between Farrington and Goodwin that was recorded two months after Farrington's arrest. In the call, Farrington states: "I'm the fucking lawyer, you just remember that. . . . There's a reason why the lockboxes were lockboxes." Farrington requested in the alternative that the district court admit a longer portion of the video call, about one and a half minutes in length, to provide

context for the recorded statements under Federal Rule of Evidence 106. The district court admitted the twelve-second recording but denied Farrington's motion to admit the additional portion.

After jury selection but before trial commenced, a juror informed the district court that, upon reflection, she realized that she recognized the name of a Government witness, Detective Traishondus Bunch. Detective Bunch served as a Rule 404(b) witness at Farrington's trial, testifying that Farrington had engaged in drug-related activity in the past. The district court questioned the juror, and she explained that between three and four years ago, she had corresponded with Detective Bunch by email about drug activity occurring in the parking lot outside of her residence. She had emailed Detective Bunch about once or twice a week during a nine-month period, reporting her observations of drug activity. About three years before Farrington's trial, she moved away from the residence and had no further contact with Detective Bunch. The district court asked the juror if there was "anything about those experiences that causes you any concern in your own mind about your ability to be fair to both sides in this case?" The juror responded, "No, sir." The district court then asked, "Are you willing to wait and listen to Officer Bunch's testimony before deciding whether you believe it?" The juror answered, "Yes." The defense moved to strike the juror for cause, but the district court denied the motion.

Farrington was convicted on both counts. He appeals the district court's denials of his motion to suppress, his motion to strike the juror for cause, and his motion to admit an additional portion of the recording under Rule 106.

## II.

Farrington argues his motion to suppress should have been granted because the seizure, hours-long detention, and "dog sniff search" of the lockboxes violated the Fourth Amendment. "On appeal from the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear

-3-

error." *United States v. Slim*, 34 F.4th 642, 646 (8th Cir. 2022) (internal quotation marks and brackets omitted).

"The Fourth Amendment proscribes all unreasonable searches and seizures," and warrantless searches are *per se* unreasonable unless they fall under an exception to the warrant requirement. *United States v. Castellanos*, 518 F.3d 965, 969 (8th Cir. 2008) (internal quotation marks omitted). The automobile exception permits warrantless searches of an automobile and seizures of contraband where there is "probable cause to believe that an automobile contains contraband." *United States v. Evans*, 830 F.3d 761, 767 (8th Cir. 2016). Such searches may lawfully reach "places in which there is probable cause to believe that [contraband] may be found," including containers discovered within the automobile. *California v. Acevedo*, 500 U.S. 565, 579-80 (1991).

*United States v. Johns* controls this case. *See* 469 U.S. 478 (1985). In *Johns*, customs officers smelled marijuana coming from two trucks and observed suspicious packages through the windows. *Id.* at 480-81. The officers brought the trucks to a Drug Enforcement Administration ("DEA") facility, "placed the packages in a DEA warehouse rather than immediately opening them," and then DEA agents conducted a warrantless search of the packages "three days after they were removed" from the trucks. *Id.* at 481, 486. The Court upheld the three-day detention and the search, explaining that "[t]here is no requirement that the warrantless search of a vehicle"— including the containers found within it—"occur contemporaneously with [the vehicle's] lawful seizure." *Id.* at 484, 487-88. It rejected the position that "warrantless searches of containers" are permissible "only if the search occurs immediately as part of the vehicle inspection or soon thereafter." *Id.* at 484 (internal quotation marks omitted). Rather, "[i]nasmuch as the Government was entitled to seize the packages and could have searched them immediately without a warrant . . . the warrantless search three days after the packages were placed in the DEA warehouse was reasonable . . . ." *Id.* at 487.

Substantially the same facts are present here, except that the delay was several hours—not three days—and the police obtained a warrant prior to opening and

searching the lockboxes.  Even if the second sniff test constituted a search under the Fourth Amendment, *but see United States v. Pulido-Ayala*, 892 F.3d 315, 318 (8th Cir. 2018) ("The use of [a] drug-sniffing dog on the exterior of a vehicle during a valid traffic stop is not a search and does not infringe upon any Fourth Amendment rights." (internal quotation marks and alteration omitted)); *United States v. Burston*, 806 F.3d 1123, 1128 (8th Cir. 2015) (recognizing that the "use of a drug-sniffing dog did not constitute a search subject to the Fourth Amendment because the sniff occurred in a common hallway and the police officers were lawfully present"), a warrantless search would have been permissible under *Johns*.  *See* 469 U.S. at 487-88.

Farrington argues that the seizure and detention of the lockboxes was unreasonable under *United States v. Place*, 462 U.S. 696 (1983).  But "*Place* had nothing to do with the automobile exception and is inapposite."  *See Acevedo*, 500 U.S. at 578 (noting that the Supreme Court has consistently "explained that automobile searches differ from other searches" and has denied the applicability of cases that "do not concern automobiles or the automobile exception" to cases involving the automobile exception).  Therefore, the district court did not err in denying Farrington's motion to suppress.

**III.**

Farrington claims that the district court erred in denying his motion to strike the juror who had previously corresponded with Detective Bunch.  We review the denial of a motion to strike a juror for cause for abuse of discretion.  *Moran v. Clarke*, 443 F.3d 646, 650 (8th Cir. 2006).  "Appellants must clear a high hurdle to obtain reversal . . . ."  *Id.*  "To challenge for cause, a party must show actual partiality growing out of the nature and circumstances of the particular case."  *United States v. Tibesar*, 894 F.2d 317, 319 (8th Cir. 1990) (brackets omitted).  "Essentially, . . . a juror must profess his inability to be impartial and resist any attempt to rehabilitate his position" for a party to show actual partiality.  *Moran*, 443 F.3d at 650-51.

Here, there was no abuse of discretion because the juror stated that she could remain fair and would listen to Detective Bunch's testimony before deciding if she believed it. *See id.* at 651 (holding that the district court did not abuse its discretion when it denied a motion to strike jurors who had "acknowledged difficulty being impartial" but "consistently stated that they could be impartial"). Moreover, this case does not an involve an "extreme situation[]" where juror partiality might be implied, such as when a "juror is a close relative of one of the participants in the trial or the criminal transaction." *See United States v. Needham*, 852 F.3d 830, 840 (8th Cir. 2017).

Farrington challenges the district court's announcement that it was ruling under the standard set forth in *United States v. McCaw*, 92 F. App'x 372 (8th Cir. 2004) (per curiam), a case referring to *United States v. Tucker*, 137 F.3d 1016 (8th Cir. 1998). *McCaw* and *Tucker* addressed, respectively, motions for a mistrial and a new trial based on alleged concealed juror bias, and those cases were governed by a standard requiring a showing of juror dishonesty in addition to partiality. *See McCaw*, 92 F. App'x at 372-73; *Tucker*, 137 F.3d at 1026. This case, by contrast, involves a motion to strike a juror for cause and requires a showing only of actual partiality. *See Tibesar*, 894 F.2d at 319. Assuming the district court erred by requiring juror dishonesty in addition to actual partiality, any error was harmless because the juror's explicit statement of impartiality defeats Farrington's attempt to show actual impartiality. *See* Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

## IV.

Last, Farrington argues that the district court erred by denying his motion to admit a portion of the jail video-call recording under Federal Rule of Evidence 106. We review a district court's decision about the admissibility of evidence under Rule 106 for a clear abuse of discretion. *United States v. Ramos-Caraballo*, 375 F.3d 797, 802 (8th Cir. 2004).

Rule 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." This "rule of completeness" is "designed in part to avoid misleading impressions created by taking matters out of context." *Ramos-Caraballo*, 375 F.3d at 802. "Additional parts of [a] recording can be admitted if they are necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) [e]nsure a fair and impartial understanding." *McCoy v. Augusta Fiberglass Coatings, Inc.*, 593 F.3d 737, 746-47 (8th Cir. 2010) (internal quotation marks omitted). "[T]he party urging admission has the burden to specify the portion of the testimony that is relevant to the issue at trial and that qualifies or explains portions already admitted." *United States v. Aungie*, 4 F.4th 638, 646-47 (8th Cir. 2021) (internal quotation marks omitted).

Farrington argues that the twelve-second recording of him telling Goodwin "I'm the fucking lawyer, you just remember that. . . . There's a reason why the lockboxes were lockboxes," created a false impression because it lacked context. At trial, the Government used Farrington's statement in the recording to suggest that Farrington "knew what was inside the lockboxes" and believed they could "keep his and Stefani Goodwin's methamphetamine hidden from the police." This accorded with Goodwin's testimony that Farrington used lockboxes "[b]ecause then [law enforcement would] have to file for a warrant in order to get to [them]."

Farrington claims that the "partial recording and the Government's characterization of it . . . gave a misleading and unfair understanding of the meaning of Mr. Farrington's statement to the jury." But he offers no explanation of how the recording was misleading. He states that the additional portion contextualizes the "lawyer" comment by showing that it was "in response to Ms. Goodwin offering to retain private counsel." He further states that the additional portion explains the "lockboxes" comment by showing that Farrington had "a belief based at least in part [on] conversations with counsel regarding the search of the locked containers." But neither suggestion is inconsistent with how the Government used the recording at trial. To the contrary, Farrington's counsel admitted at the pretrial hearing that the

additional portion reveals Farrington's belief that "this case is going to be thrown out of court" because lockboxes were used. Rather than provide necessary context to correct a false impression, that evidence would only reinforce the Government's characterization of the recording and Goodwin's testimony. Furthermore, the district court reviewed the entire video and did not "find anything . . . that places [the admitted portion] into context." Because Farrington has not shown how the additional portion is necessary to explain or contextualize the admitted portion, correct a misleading impression, or ensure a fair and impartial understanding, we hold that there was no abuse of discretion, much less a clear one, in excluding it. *See Aungie*, 4 F.4th at 647 ("[T]he rule of completeness does not apply because [the defendant] fails to specify how the admitted text messages distorted or misled the jury without the addition of the missing texts."); *McCoy*, 593 F.3d at 747 (holding that "without further explanation, [the appellant] did not meet its burden under Rule 106" where its counsel did not "specify why the district court should admit the entire report").

## V.

For the foregoing reasons, we affirm Farrington's convictions.

_____