# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3906
_____

United States of America

*Plaintiff - Appellee*

v.

Marcrease Delance Farmer

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: December 16, 2022
Filed: March 8, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, GRUENDER and STRAS, Circuit Judges.
_____

PER CURIAM.

Marcrease Farmer believes that a biased jury and improper judicial factfinding violated his Sixth Amendment rights. The district court[1] disagreed and sentenced him to 210 months in prison. We affirm.

---

[1]The Honorable Stephen R. Clark, then United States District Judge for the Eastern District of Missouri, now Chief Judge.

## I.

Farmer sold significant amounts of methamphetamine. His business came to a halt, however, when a frequent customer turned out to be an undercover state trooper. Despite having been caught in the act, Farmer decided to go to trial.

The trial did not begin the way he hoped. Of the 39 people who showed up for jury selection, only one was black. Farmer asked the district court to summon a new group on the ground that the venire did not represent a fair cross-section of the community, but it declined the request. *See* U.S. Const. amend. VI.

At the conclusion of the trial, the jury found Farmer guilty in under an hour. Right before sentencing, however, Farmer claimed to have discovered new information: Juror 11 and his sister had been in a heated argument just a year earlier, which raised the prospect of juror bias. Despite the connection, the district court denied Farmer's motion for a new trial.

Sentencing did not go any better. Over Farmer's objection, the district court determined that the mixture of drugs he sold contained 353.6 grams of "pure" or "actual" methamphetamine. At an offense level of 32 and a criminal-history category of V, the recommended range was 188–235 months in prison. *See* U.S.S.G. ch. 5, pt. A (sentencing table). The district court settled on a middle-of-the-range sentence of 210 months.

## II.

Farmer believes that the issues with the jury entitle him to a new trial. We review fair-cross-section claims de novo, *see United States v. Rodriguez,* 581 F.3d 775, 789 (8th Cir. 2009), and juror-bias arguments for an abuse of discretion, *see United States v. Williams*, 77 F.3d 1098, 1100 (8th Cir. 1996).

## A.

The Sixth Amendment guarantees "an impartial jury drawn from a fair cross section of the community." *Taylor v. Louisiana*, 419 U.S. 522, 536 (1975). Farmer's claim is that there was systematic exclusion of a "'distinctive' group" from the pool. *United States v. Reed*, 972 F.3d 946, 953 (8th Cir. 2020) (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)). To prevail, he had to demonstrate a "gross discrepancy" between the number of black people in the jury pool *as a whole* and the number present in the community. *Duren*, 439 U.S. at 366.

He never made that showing. He established that *his* jury may have been racially imbalanced, but a fair-cross-section claim requires more. "[I]t is the number . . . in the jury pool, not the number who showed up for jury selection in a particular case, that is relevant to assessing the merits of a fair[-]cross[-]section challenge." *United States v. Erickson*, 999 F.3d 622, 627 (8th Cir. 2021). The fact that one out of 39 potential jurors that day was black, in other words, does not by itself violate the Constitution.

## B.

Farmer's juror-bias argument fares no better. To get a new trial, he must show that Juror 11 answered a question "dishonestly," "she was motivated by partiality," and a truthful answer would have justified removal for cause. *United States v. Tucker*, 137 F.3d 1016, 1026 (8th Cir. 1998).

Even if we assume that she was dishonest, there is no evidence that bias influenced her answers. She repeatedly stated that she was "[t]otally" impartial, and her actions backed up her words. *See Moran v. Clarke*, 443 F.3d 646, 650 (8th Cir. 2006) (explaining that one way to show bias is through a "profess[ed] . . . inability to be impartial"). Without prompting, she revealed that she recognized Farmer's sister and, rather than question her about it, defense counsel just decided to let the issue go. *See United States v. Ruiz*, 446 F.3d 762, 770 (8th Cir. 2006) ("[T]he juror

was not motivated by bias because the juror immediately notified the district court upon recognizing the family members of the defendants."). On this record, we cannot say that the situation here was "extreme" enough that an "average person" in Juror 11's shoes would have been "highly unlikely" to "remain impartial." *Manuel v. MDOW Ins. Co.*, 791 F.3d 838, 843 (8th Cir. 2015) (quotation marks omitted).[2]

## III.

Nor does the Sixth Amendment pose a problem for Farmer's sentence. It is true, as he argues, that the district court found some facts at sentencing, including the weight and purity of the methamphetamine he sold. Still, none of those findings resulted in a sentence above the statutory maximum, which means that the Sixth Amendment never came into play. *See United States v. Aguayo-Delgado*, 220 F.3d 926, 933 (8th Cir. 2000) ("The rule of *Apprendi* [*v. New Jersey*, 530 U.S. 466, 490 (2000),] only applies where the non-jury factual determination increases the maximum sentence beyond the statutory range authorized by the jury's verdict.").

## IV.

We accordingly affirm the judgment of the district court.

―――――――――――――

―――――――――――――

[2]To the extent that Farmer claims the district court should have held a hearing to evaluate the makeup of the jury, including his claim of juror bias, we conclude that it did not abuse its discretion. *See Jeffries v. United States*, 721 F.3d 1008, 1014 (8th Cir. 2013) (determining whether to grant a hearing depends on the strength of the underlying claim).