# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2824
_____

United States of America,

*Plaintiff - Appellee,*

v.

James Eugene Larive, Jr.,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: March 12, 2015
Filed: July 28, 2015

_____

Before WOLLMAN and COLLOTON, Circuit Judges, and WHITE,[1] District
Judge.

_____

COLLOTON, Circuit Judge.

James Eugene Larive, Jr., was convicted of attempted commercial sex
trafficking after he responded to an advertisement, negotiated to trade a cellular phone

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern
District of Missouri, sitting by designation.

for an hour of sex with a minor, and traveled to a designated meeting point. Larive argues that there was insufficient evidence to sustain the conviction, because he abandoned the attempt before taking a substantial step toward completion of the offense. We conclude that the evidence adequately supports the jury's finding of an attempt, and we therefore affirm.

I.

Beginning in August 2013, the South Dakota Division of Criminal Investigation (DCI) and the Federal Bureau of Investigation set up a sting operation targeting sex trafficking during the Sturgis Motorcycle Rally in western South Dakota. As part of the operation, agents posted advertisements on websites offering young girls for prostitution.

On August 9, DCI Special Agent Brian Schnabel posted an advertisement on the Rapid City Craigslist website titled "End of Rally -w4m -18 (Sturgis area)." The content of the advertisement read "Travelin through for the area and lookin. Fresh young thing. very discrete and serious response only." Schnabel testified that the "fresh young thing" language in the advertisement would indicate to someone familiar with the terminology that the poster was offering children for sex.

Larive responded to the advertisement by e-mail. Schnabel, under the assumed name "Terry Smith," offered to sell Larive a half hour of sex with a young girl for $150, or an hour of sex for $200. After Schnabel sent a photograph of a female state employee modified to appear underage, Larive asked whether he could make a trade instead of paying cash. Schnabel then informed Larive that the girl was fifteen years old. After some negotiation, Larive agreed to trade a cell phone for an hour of sex with the fifteen-year-old girl.

Larive and Schnabel (as "Smith") agreed to meet at a Hardee's restaurant in Belle Fourche, South Dakota at 8:00 p.m. the same day. Once the arrangement was made, DCI task force commander Troy Boone and Special Agent Toby Russell drove from Sturgis to Belle Fourche to conduct surveillance on Larive in anticipation of the meeting. At the same time, an agent acting in an undercover capacity drove to the Hardee's restaurant in a vehicle that Larive was told would be driven by "Smith."

Boone and Russell observed Larive leave his residence shortly after 8:00 p.m. Larive drove to a gas station next to the Hardee's in Belle Fourche. Boone testified that the parking lot of the Hardee's was visible from the gas station. After several minutes, Larive left the gas station, driving south out of Belle Fourche for approximately one mile, and then drove west.

Boone and Russell observed Larive return to the gas station about ten minutes later. At this point, the undercover vehicle was parked in the Hardee's parking lot. Larive drove through the gas station parking lot and into the Hardee's lot. He proceeded slowly through the Hardee's lot, past the undercover vehicle, and then exited the lot.

Larive drove north about one mile, for fewer than four minutes, at which point Boone and Russell initiated a traffic stop. After arresting Larive, Boone and Russell recovered a cell phone from his vehicle. Larive admitted that he had discussed trading the phone for sex with a fifteen-year-old girl, and that he was going to Hardee's to meet the girl, but claimed that he was not going to go through with it until he talked to "Smith."

A grand jury charged Larive with attempted commercial sex trafficking in violation of 18 U.S.C. §§ 1591 and 1594(a). The case proceeded to trial, and at the close of the government's case, Larive moved for a judgment of acquittal. *See* Fed. R. Crim. P. 29(a). He argued that no reasonable jury could find that he completed a

substantial step toward the commission of the crime, so he could not be convicted of attempt. The district court[2] denied the motion. The jury found Larive guilty, and he now appeals his conviction.

## II.

Larive contends that the evidence against him was insufficient to support his conviction for attempted commercial sex trafficking. We review the claim *de novo*, viewing the evidence in the light most favorable to the government, and drawing all reasonable inferences in support of the verdict. We will reverse the conviction only if no reasonable jury could have found Larive guilty. *See United States v. May*, 476 F.3d 638, 640-41 (8th Cir. 2007).

Commercial sex trafficking, as relevant here, occurs when a defendant "knowingly . . . recruits, entices, . . . [or] obtains . . . by any means a person . . . knowing, or . . . in reckless disregard of the fact, . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a). Section 1594(a) states that an attempt to violate § 1591(a) "shall be punishable in the same manner as a completed violation." An attempt requires both an intent to commit the predicate offense, and a "substantial step" toward its completion. *See United States v. Blue Bird*, 372 F.3d 989, 993 (8th Cir. 2004). We have explained the law of attempt as follows:

> A substantial step must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime. . . . In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that

---

[2]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.

*United States v. Mims*, 812 F.2d 1068, 1077 (8th Cir. 1987) (internal quotation omitted).

We have considered similar sufficiency arguments in connection with prosecutions for attempted enticement of a minor to engage in illegal sexual activity under 18 U.S.C. § 2422(b). A violation of § 2422(b) requires proof that the defendant knowingly used a facility of interstate commerce with the intent to persuade or entice a person under age eighteen to engage in illegal sexual activity. *United States v. Pierson*, 544 F.3d 933, 939 (8th Cir. 2008). In those cases, we have held that traveling to the location of a planned meeting with a minor who was the subject of enticement constitutes a "substantial step." *See United States v. Young*, 613 F.3d 735, 743 (8th Cir. 2010) (citing cases). We also have held that a defendant's online conversation with an adult that makes an arrangement to have sex with a purported minor constitutes a substantial step toward enticement. *United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir. 2007).

The district court instructed the jury that to convict Larive, the government was required to prove that he attempted knowingly to recruit, entice, or obtain an underage person whom he knew would be caused to engage in a commercial sex act. 18 U.S.C. § 1591(a). If a defendant's online conversations with an adult to arrange sex with a minor and a defendant's travel to an arranged meeting place to meet a minor constitute substantial steps toward enticing a minor to engage in illegal sexual activity under § 2422(b), then it follows that these acts also constitute substantial steps toward enticing a minor whom the defendant knows will be caused to engage in a commercial sex act in violation of § 1591(a). Larive concedes on appeal that he "negotiated with an undercover officer to engage in an illegal transaction, namely to trade a cell phone for sex with a fifteen-year-old girl." He also concedes that he "traveled to a meeting place

with the payment for the illegal transaction in his possession." When stopped within four minutes of leaving the Hardee's restaurant, Larive admitted that he was going to meet a girl with whom he had been talking on the Internet. We thus conclude that Larive's conduct constituted a substantial step toward the crime of commercial sex trafficking, and the crime of attempt was completed.

Larive does not dispute that there was sufficient evidence to show his intent to commit the crime, but claims that he abandoned his criminal purpose without taking a substantial step toward its completion when he drove past the undercover vehicle and exited the Hardee's parking lot. Larive argues that *United States v. Joyce*, 693 F.2d 838 (8th Cir. 1982), compels his acquittal. In *Joyce*, a government informant offered to sell a pound of cocaine to Michael Joyce for $20,000. Joyce met the informant and an undercover law enforcement officer at a hotel in St. Louis, and demanded to see the cocaine. The undercover officer retrieved a plastic package wrapped in tape, but refused to open the package until Joyce produced the money. This exchange left the parties at an impasse, and Joyce left the hotel, "with no apparent intention of returning at a later time to purchase any cocaine." *Id.* at 840. Joyce was arrested after leaving the hotel and convicted of attempting to possess cocaine with intent to distribute. This court reversed his conviction, holding that the evidence was insufficient to establish that Joyce "engaged in conduct constituting a 'substantial step' toward the commission of the crime of possession of cocaine with intent to distribute." *Id.* at 841.

*Joyce* did not set forth a bright line rule to distinguish "mere preparation" from a completed attempt—indeed, the court recognized that "whether conduct represents a substantial step toward the commission of the criminal design is . . . a question of degree, necessarily depending on the factual circumstances peculiar to each case." *Joyce*, 693 F.2d at 841 (internal quotation omitted). In the later *Young* decision, this court distinguished *Joyce* and held that "the defense of abandonment is not warranted once a defendant completes the crime of attempt." *Young*, 613 F.3d at 746. In this

case, a reasonable jury could find that Larive committed an attempt by finishing negotiations for the commercial sex act with a minor and traveling to the meeting site. Once the attempt was completed, Larive was not entitled to an abandonment defense based on his departure from the Hardee's.

*    *    *

The judgment of the district court is affirmed.

_____