# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3856
_____

United States of America

*Plaintiff - Appellee*

v.

Zachary Wolff

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Bismarck
_____

Submitted: June 8, 2015
Filed: August 11, 2015
[Published]
_____

Before LOKEN, BYE, and KELLY, Circuit Judges.
_____

PER CURIAM.

After he was arrested in an undercover sting operation conducted by law enforcement, Zachary Wolff was charged by Indictment with one count of attempted sex trafficking of a minor in violation of 18 U.S.C. §§ 1591 and 1594. Wolff filed a motion to dismiss the Indictment, asserting the government had to prove an actual minor victim—not an undercover officer—was involved in the offense. The district

court denied the motion.[1]  Wolff then entered a conditional plea of guilty to a one-count Information charging him with attempting to coerce and entice a minor to engage in prostitution, in violation of 18 U.S.C. § 2422, reserving the opportunity to appeal the denial of his motion to dismiss the original Indictment.[2]  Because we agree with the district court that the statute prohibiting attempted sex trafficking of a minor does not require that an actual minor victim be the object of the attempt, we affirm.[3]

## I. Background

On November 22, 2013, 21-year-old Zachary Wolff drank multiple beers and then answered an advertisement on craigslist.com that stated as follows:

Horney for Young Fun??? –w4m– 18 (Dickinson, ND)

Do you have a sweet tooth?  Come taste my sweet young candy.  You won't be disappointed.  Specials available for serious inquiries.

After responding to the ad, Wolff was informed by an undercover detective that a 14-year-old and 16-year-old were available.  Wolff asked if they had "anything 18yo or older," to which the undercover detective answered "Nope."  Wolff then asked "On

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

[2]In his conditional plea, Wolff reserved the right to appeal the district court's denial of his motion to dismiss, the district court's granting of the government's motion in limine, and the rejection of his proposed jury instruction about a live victim.  Each of these rulings relies on the same statutory question:  whether an attempt crime under §§ 1591 and 1594 requires the government to prove that an actual minor victim is the target of the offense.  Thus, we address only this question on appeal, as the answer resolves all three rulings.

[3]We have jurisdiction to consider this appeal under 28 U.S.C. § 1291.

second thought what's the rates on the brunette [the 16-year old]?" Wolff requested nude photos of the girl to prove it wasn't a set-up and was sent a photo of an adult female posing as a 16-year-old. He then negotiated to pay $200 for an hour of vaginal and anal sex with the girl. Wolff arrived at the designated hotel, knocked on the hotel room door, and used the code word given to him by the detective. He was then taken into custody with a phone, $200 in cash, and condoms on his person.

On December 12, 2013, the government filed an Indictment charging Wolff as follows:[4]

> On or about November 23, 2013, in the District of North Dakota, ZACHARY WOLFF knowingly attempted to recruit, entice, harbor, transport, provide, obtain and maintain by any means, in and affecting interstate or foreign commerce, a minor female, whom he believed to be 16 years of age, knowing and in reckless disregard of the fact that the female minor had not attained the age of 18 years and that the female minor would be caused to engage in a commercial sex act; All in violation of Title 18, United States Code, Sections 1591(a)(1) and 1594(a).

Wolff filed a motion to dismiss the Indictment, arguing that attempted sex trafficking of a minor requires the alleged victim to be an actual minor, not an undercover officer posing as a minor. The district court denied Wolff's motion. Before trial, Wolff also requested a jury instruction that set forth the "Essential Elements of Attempted Sex Trafficking of a Child," including the element that "the person recruited, enticed, harbored, transported, provided, or obtained had attained the age of 14 years but had not attained the age of 18 years at the time of such offense." The government filed a motion in limine to prevent Wolff from arguing before the jury that the charged

---

[4]On November 25, 2013, a criminal Complaint was filed against Wolff; the Complaint is not at issue on appeal.

crime requires a "live 'victim.'" The district court granted the government's motion in limine and rejected Wolff's requested jury instruction.

Wolff then entered a conditional plea of guilty to an Information charging him with coercion and enticement in violation of 18 U.S.C. § 2422(a). The Indictment was dismissed. His advisory Guidelines range was 57–71 months, but the district court varied downward and imposed a 24-month sentence of imprisonment and a 5-year term of supervised release. Wolff timely appealed.

## II. Discussion

Wolff argues on appeal that an indictment under 18 U.S.C. §§ 1591(a) and 1594(a) for attempted sex trafficking of a minor requires that there is an "actual minor" being trafficked. He contends an undercover officer does not satisfy this statutory requirement and that the Indictment was therefore insufficient as a matter of law. "We review de novo the sufficiency of an indictment." United States v. Hicks, 457 F.3d 838, 840 (8th Cir. 2006).

The relevant portion of § 1591(a) states that whoever knowingly "recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person," "knowing, or in reckless disregard of the fact, . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act," has violated the law. 18 U.S.C. § 1591(a) (2012) (amended 2015).[5] Title 18 U.S.C. § 1594(a) (2012) (amended 2015) states that an attempt to violate § 1591(a) is punishable "in the same manner as a completed violation of that section." The parties agree that a conviction under § 1591 requires that the person being trafficked is an actual minor.

---

[5]18 U.S.C. § 1591 was amended in 2015. For purposes of this appeal, we address all statutory provisions as they were written at the time of Wolff's offense, with the relevant portions quoted in-text.

The question in this case is whether the same is true for an attempt to commit this offense under § 1594.

We have addressed this "actual minor" issue in other statutory contexts, and the reasoning in those cases is applicable here. In United States v. Helder, 452 F.3d 751 (8th Cir. 2006), we examined whether a conviction for attempting to entice a minor to engage in unlawful sexual activity in violation of 18 U.S.C. § 2422(b) requires that the intended victim be an actual minor. In concluding that there is no such requirement, we agreed with the Ninth Circuit that the "knowledge" requirement in § 2422(b) "refers to the defendant's subjective intent—'it is what is in the mind of the defendant.'" Helder, 452 F.3d at 755 (quoting United States v. Meek, 366 F.3d 705, 718 (9th Cir. 2004)). If "a jury could 'reasonably infer that [the defendant] knowingly sought sexual activity, and knowingly sought it with a minor,'" then the fact that "'he was mistaken in his knowledge is irrelevant.'" Id. (quoting Meek, 366 F.3d at 718); see also United States v. Slaughter, 708 F.3d 1208, 1215–16 (11th Cir. 2013) (a defendant's belief that a minor was involved, even if it was an undercover officer posing as a minor, is sufficient to support an attempt conviction under § 2422). We also note that a crime charged as an attempt has two elements: "intent to commit the predicate offense, and conduct that is a substantial step toward its commission." United States v. Young, 613 F.3d 735, 742 (8th Cir. 2010) (quotation omitted) (addressing attempted enticement of a minor to engage in sexual activities). Thus, the government must prove the requisite intent applicable to the predicate offense, but proof of the ability to actually carry out the predicate offense is not required for conviction under an attempt statute. See Helder, 452 F.3d at 756 ("[S]uccess is not an essential element of attempt crimes." (quotation omitted)).

A few months later, we addressed a similar issue in the context of 18 U.S.C. § 2423(b), which criminalizes interstate travel for the purpose of engaging in illicit sexual conduct—including sexual activity with a minor. See Hicks, 457 F.3d at 841. We reached the same conclusion: "[A] defendant may be convicted of violating

§ 2423(b) if he or she travels in interstate commerce with the purpose of engaging in criminal sexual conduct with a person believed to be a minor regardless of whether such person is actually a minor." Id. We reasoned that the illegal conduct at issue was the defendant's purpose for traveling, not the presence of an actual minor at the end of the defendant's interstate trip. Id.; see also United States v. Kelly, 510 F.3d 433, 441 (4th Cir. 2007) ("[T]he government need not prove an actual minor was placed at risk in order to secure a conviction under § 2423(b). . . . [A] conviction turns simply on the illegal purpose for which [the defendant] traveled." (quotation omitted) (last alteration in original)); United States v. Sims, 428 F.3d 945, 960 (10th Cir. 2005) (agreeing with other circuits that "it is not a defense to an offense involving enticement and exploitation of minors that the defendant falsely believed a minor to be involved").

We believe the reasoning in Helder and Hicks applies with equal force to the offense at issue in this case. Wolff's subjective intent to engage in a commercial sex act with someone he believed to be a minor female, and the substantial steps he took toward commission of that offense by arriving at the set meeting place with $200 cash and condoms, constitute attempted sex trafficking of a minor in violation of 18 U.S.C. § 1594(a).[6] Though we conclude that §§ 1591 and 1594 do not require that an actual minor victim be involved in the offense, we do note with some concern the potential for abuse created by broad application of this statute. A first-time buyer of commercial sex such as Wolff, where the ostensible victim is in fact an undercover officer, faces the same ten or fifteen-year mandatory minimum as a sex trafficker who exploits actual children for commercial sex. See also United States v. Jungers, 702 F.3d 1066, 1075 (8th Cir. 2013) ("We hold § 1591 applies to a purchaser of commercial sex acts who violates the statute's terms."). Despite the significant

---

[6]Wolff does not argue on appeal that the government lacked sufficient evidence for a conviction. He argues only that the government had to prove the intended victim of this attempted crime was an actual minor.

differential in actual harm inflicted, both defendants are subject to the mandatory minimum punishment for child sex traffickers under § 1591. In our view, the statute as written permits this result. See id. But, we hope that fair-minded prosecutors would take into consideration the nature of the harm at issue as well as the characteristics and conduct of the particular defendant when exercising their discretion in deciding what charges to pursue in a given case.

We affirm the denial of Wolff's motion to dismiss the indictment, the grant of the government's motion in limine, and the rejection of Wolff's proposed jury instruction.[7]

### III. Conclusion

The judgment of the district court is affirmed.

_____

_____

[7]Wolff also argues that the punishment provision set forth in § 1591(b) necessitates an actual minor victim because there are different mandatory minimum penalties that apply based on the age of the victim. The gradation of punishment in this provision for victims of different ages does not affect our analysis, however, because this punishment provision applies to both a substantive violation of § 1591 and an attempt to violate § 1591. See 18 U.S.C. § 1594(a) ("Whoever attempts to violate section . . . 1591 shall be punishable in the same manner as a completed violation of that section."). Because we conclude § 1594(a) penalizes Wolff's *intent* to violate § 1591 in combination with his steps taken to further that intent, we find his penalty argument unavailing.