# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-2549

———————————————

United States of America

*Plaintiff - Appellee*

v.

Justin Patrick Stegall

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: March 6, 2017
Filed: March 13, 2017

——————————

Before RILEY, Chief Judge[1], GRUENDER and KELLY, Circuit Judges.

——————————

RILEY, Chief Judge.

After receiving a report of a road rage incident where a driver brandished a firearm, officers arrested Justin Patrick Stegall and charged him with terroristic

———————————————

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

threatening in the first degree. <u>See</u> Ark. Code Ann. § 5-13-301(a)(1). During a search of Stegall's vehicle, officers discovered a short-barreled rifle and a handgun in the rear cargo area. A jury found Stegall guilty of possessing an unregistered short-barreled rifle in violation of 26 U.S.C. §§ 5845(a)(3), 5861(d), and 5871. Stegall appeals the district court's[2] order denying his motion to suppress evidence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

On September 9, 2013, an Arkansas State Trooper responded to a 911 call placed with the Benton, Arkansas, police department regarding a road rage incident where the driver of a silver sport utility vehicle (SUV) pulling a jet ski brandished a gun at the 911 caller. Observing a vehicle matching the description, the state trooper informed the Benton and Bryant police departments of the SUV's location and heading. After temporarily losing track of the SUV, two Benton police officers found the vehicle parked and unoccupied at a shopping center in front of a hair salon and a deli. While the officers were searching the parking lot and surrounding businesses for the driver of the vehicle, a witness told them she "saw a gentleman get out of the vehicle, go to the back and seemingly put something up underneath something in the back of the vehicle . . . and then [go] towards [the deli]."

After obtaining a description of the driver's clothing, the officers searched the deli, but did not find anyone matching the witness's information. The officers returned to the deli with the witness and she promptly identified the driver of the SUV by pointing at Stegall. Stegall admitted he was the driver of the SUV and involved in a road rage incident earlier that day with a vehicle similar to the one driven by the 911 caller. Although Stegall denied brandishing a firearm during the

---

[2]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

road rage incident, he told the officers he "probably" had a firearm in his vehicle. Stegall did not consent to a search of his vehicle.

The officers detained Stegall and contacted the 911 caller, who came to the scene. The 911 caller immediately identified Stegall as the driver of the SUV who brandished a firearm at him. The officers arrested Stegall for terroristic threatening and placed him in restraints in the back of a patrol vehicle. With Stegall in custody, the officers began to inventory the contents of Stegall's vehicle before towing it. While searching the rear hatch of Stegall's SUV, the officers discovered a handgun lodged between the back row of seats and the rear cargo floorboard and also an AR-15 rifle with an unusually short barrel. Recognizing the handgun matched the 911 caller's description of the firearm used in the road rage incident and the possession of a short-barreled rifle could be an independent crime, the officers stopped inventorying Stegall's SUV and prepared an application for a search warrant.

Stegall was charged with one count of possessing an unregistered short-barreled rifle in violation of 26 U.S.C. §§ 5845(a)(3), 5861(d), and 5871. Stegall moved to suppress evidence obtained from the search of his SUV, arguing "the inventory search by [officers] . . . was a constitutionally unreasonable ruse to conduct an investigatory search." The district court denied Stegall's motion, concluding the officers had a reasonable basis to search Stegall's vehicle for the gun. A jury found Stegall guilty, and the district court sentenced him to 30 months imprisonment. Stegall appeals.

II.    DISCUSSION

On appeal from the denial of a motion to suppress, we review the district court's findings of fact for clear error and its legal conclusions de novo. See United States v. Sigillito, 759 F.3d 913, 923 (8th Cir. 2014). Stegall does not challenge the district court's factual findings or its ruling that the officers had a reasonable basis to believe Stegall's SUV contained evidence relevant to his arrest. In denying Stegall's

motion to suppress, the district court determined that the officers' search of Stegall's SUV was constitutionally reasonable under the second search incident to arrest exception as articulated by the United States Supreme Court in Arizona v. Gant, 556 U.S. 332 (2009). Stegall challenges that determination, because "he was handcuffed and in custody and the police had the keys . . . [so] [t]here no longer was any exigency."

Under the search incident to arrest exception to the warrant requirement of the Fourth Amendment of the United States Constitution, officers may search a vehicle incident to an arrest only if (1) the arrestee is unrestrained and "within reaching distance of the passenger compartment" when the search begins or (2) "it is reasonable to believe the vehicle contains evidence of the offense of arrest." Id. at 351. The district court determined the warrantless search of Stegall's SUV was constitutionally reasonable under Gant's second exception because the officers had a reasonable basis to believe Stegall's SUV contained evidence relevant to the crime of his arrest. We agree. Under the second Gant exception, officers may conduct a warrantless search of a vehicle incident to arrest—even after the arrestee is restrained in the back of a patrol vehicle—when officers have a reasonable basis to believe the vehicle contains evidence related to the crime of arrest. See id.; see United States v. Allen, 713 F.3d 382, 387 (8th Cir. 2013).

Officers reasonably believed Stegall's vehicle might contain evidence relevant to Stegall's arrest for terroristic threatening because (1) Stegall confirmed he was the driver of the SUV and involved in an earlier road rage incident, (2) Stegall told the officers he "probably" had a firearm in his vehicle, (3) the 911 caller positively identified Stegall as the driver who brandished a gun at him during the reported road rage incident, and (4) a witness observed Stegall concealing something in the rear hatch of his SUV. Because these facts created a reasonable basis for the officers to believe Stegall's SUV contained evidence relevant to the terroristic threat

-4-

charge—the gun, we affirm the district court's ruling that the officers' warrantless search of Stegall's SUV was reasonable.[3]  See Allen, 713 F.3d at 387.

Stegall contends the second Gant exception does not apply because he was restrained in police custody and, thus, could not acquire a weapon or destroy evidence.  Stegall's argument fails to appreciate the distinct rationales underlying the two Gant exceptions.  See Gant, 556 U.S. at 339, 343 (discussing the different policy interests supporting each exception).  The first exception is grounded in the "safety and evidentiary interests" recognized in Chimel v. California, 395 U.S. 752 (1969), and New York v. Belton, 453 U.S. 454 (1981), abrogated by Gant, 556 U.S. 332.  See Gant, 556 U.S. at 339-41, 346.  In contrast, the second exception is independent of the first and supported by "circumstances unique to the vehicle context."  Id. at 343; see, e.g., Riley v. California, 573 U.S. ___, ___, 134 S. Ct. 2473, 2484 (2014) ("Gant added . . . an independent exception for a warrantless search of a vehicle's passenger compartment when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." (internal quotation marks omitted)); Allen, 713 F.3d at 387.  Because the second Gant exception is supported by independent rationales, Stegall's argument that "[t]here was no exigency for a search incident" to arrest because he was restrained and locked in the back of a patrol car is inapposite.

Stegall next asserts "the hatchback area of the car is akin to the trunk of a car, and it is not subject to search incident [to arrest] under Gant, Belton, or Chimel."  We disagree.  Even if searches under the second Gant exception are limited to the

---

[3]The government also argues the officers' search of Stegall's vehicle was permissible under the inventory search exception to the warrant requirement.  See United States v. Williams, 777 F.3d 1013, 1015 (8th Cir. 2015).  We need not reach the question of whether the officers' search of Stegall's vehicle was valid under the inventory search exception because we agree with the district court that the search of Stegall's vehicle was constitutionally reasonable under the search incident to arrest exception.  See, e.g., United States v. Shackleford, 830 F.3d 751, 754 (8th Cir. 2016).

passenger compartment, we, along with several of our Sister Circuits, have clearly held the hatchback or rear hatch area of a vehicle is a part of the passenger compartment "[a]s long as an occupant could have reached [that] area while inside the vehicle." United States v. Barnes, 374 F.3d 601, 604 (8th Cir. 2004); see also United States v. Sain, 421 F. App'x 591, 594 (6th Cir. 2011) ("[T]he question is not how [officers] *chose* to access the area, but rather how an occupant of the vehicle *could have* accessed it."); United States v. Allen, 469 F.3d 11, 15-16 (1st Cir. 2006) (passenger compartment includes the rear hatch area of an SUV); United States v. Mayo, 394 F.3d 1271, 1277 (9th Cir. 2005) (concluding police conducting a search incident to arrest may search the hatchback area of arrestee's vehicle); United States v. Olguin-Rivera, 168 F.3d 1203, 1205 (10th Cir. 1999) (same).

Stegall further proposes, "in light of Gant, this Court should reconsider its conclusion in Barnes that actual reachability under the circumstances is irrelevant." We disagree again. While the Supreme Court rejected an overly broad application of the search incident to arrest exception, the Court did not alter the definition of the passenger compartment or constrain the scope of a legitimate search thereof. See Gant, 556 U.S. at 343.

## III. CONCLUSION
We affirm.

_____