# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2693
_____

United States of America

*Plaintiff - Appellee*

v.

Carlocito Slim, also known as Carlocito Ponce Slim

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota
_____

Submitted: March 17, 2022
Filed: May 17, 2022
_____

Before GRASZ, STRAS, and KOBES, Circuit Judges.
_____

GRASZ, Circuit Judge.

Following the district court's denial of his motion to suppress, Carlocito Slim was convicted of attempted commercial sex trafficking of a minor, 18 U.S.C. §§ 1591(a)(1), (b)(2), and 1594(a), and attempted enticement of a minor for sexual activity using a facility of interstate commerce, 18 U.S.C. § 2422(b). Slim appeals the denial of his motion to suppress and his conviction on numerous grounds. We affirm.

# I. Background

South Dakota Division of Criminal Investigation Agent Toby Russell, acting undercover as a pimp during a local motorcycle rally, posted an advertisement entitled "Who Wants to Be Naughty" on a classified advertising website in its dating section under the category "women seeking men." He attached three non-pornographic images of an adult law enforcement officer that were digitally altered to make her look younger. The ad's description stated: "If you feel like being naughty hit me up. DDF and Discreet." The ad also specified the "poster's" age was twenty and directed interested parties to text a phone number, which unbeknownst to readers was Russell's phone number.

Slim twice texted the ad's phone number on August 9, 2017, asking whether the photographed woman was "available" and whether she offered massages. Russell responded by texting Slim that the photographed woman—to whom he referred as a "gurl"—was "fresh as hell," "15 but gonna be 16," and would "do most nething."[1] Russell also texted Slim, "It 150 for hh an 200 for fh[,]" which Russell testified meant $150 for a half hour and $200 for a full hour of sexual intercourse. Slim responded with: "OK would like to see her first bro[.]"

Receiving no response by the next afternoon, Slim reinitiated the conversation by again texting Russell whether the alleged minor was available that night and if she could "do one hour2$$.00." Slim and Russell agreed to meet at 9:00 PM that night at a location to be decided.

A few hours later, the two men engaged in another text exchange:

**Russell**: Hey man u still in for 9?

_____

[1]Russell testified "fresh" was lingo for a prostitute who had not had many sexual partners, that "15 but gonna be 16" signified the alleged minor's age, and that "nething" meant "anything." He said he used misspelled words to portray himself as a pimp.

**Slim**: Yes

**Russell**: Aight bro but u have to rock a condom cause bare cost extra.

**Slim**: Ok

**Slim**: Sounds good

**Russell**: The rules are u cant scare her or hurt her.  I cant have her all brused up or nething like that.

**Slim**: Nothing like that of course!  I got it bro

**Russell**: Hey man meet me at [a gas station] by the interstate.  You don't have to pay up front I jus wanna make sure that u have the $ and condoms.

**Russell**: Then u can follow me to the room.  What u driving?

**Slim**: A white car Chevy

**Slim**: I'll be there

**Russell**: Meet me by the country market sign

**Slim**: OK be there in 20

Slim then drove to the gas station where law enforcement arrested him.  After his arrest, law enforcement searched the car Slim drove—which Slim claims he and his brother shared—and found condoms, $200 cash, and two cell phones.

A grand jury later indicted Slim for attempted commercial sex trafficking of a minor, 18 U.S.C. §§ 1591(a)(1), (b)(2), and 1594(a), and attempted enticement of a minor for sexual activity using a facility of interstate commerce, 18 U.S.C. § 2422(b).  Slim moved to suppress the evidence taken from the car and statements he made after his arrest, which the district court[2] denied.  As relevant here, the district court concluded law enforcement's arrest of Slim was supported by probable cause and the search of the car was authorized as both an inventory search and search incident to arrest.

The case proceeded to a bench trial before the district judge.  During trial, Slim's prior attorney tried to testify Slim told him Slim contacted Russell to get a

---

[2]The Honorable Jeffrey L. Viken, then Chief Judge, thereafter District Judge, United States District Court for the District of South Dakota, adopting the report and recommendation of the Honorable Daneta Wollmann, United States Magistrate Judge for the District of South Dakota.

massage because Slim's back was hurting. The district court, however, excluded this testimony as inadmissible hearsay. The district court then found Slim guilty as charged and sentenced Slim accordingly.

## II. Analysis

Slim appeals, arguing (A) the district court erroneously denied his motion to suppress; (B) his indictment was insufficient; (C) insufficient evidence supported his convictions; and (D) the district court erroneously excluded his prior attorney's testimony. We address each argument in turn.

### A. Motion to Suppress

Slim argues the district court erroneously denied his motion to suppress. On appeal from the denial of a motion to suppress, "[w]e review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Robinson*, 982 F.3d 1181, 1184 (8th Cir. 2020). "We will affirm the denial of a motion to suppress unless the district court's decision was unsupported by substantial evidence, was based on an erroneous interpretation of applicable law, or was clearly mistaken in light of the entire record." *United States v. Soderman*, 983 F.3d 369, 373–74 (8th Cir. 2020), *cert. denied*, 142 S. Ct. 159 (2021) (quoting *United States v. Murillo-Salgado*, 854 F.3d 407, 414 (8th Cir. 2017)).

Slim first asserts law enforcement's warrantless arrest violated the Fourth Amendment's prohibition against "unreasonable . . . seizures." *See* U.S. Const. amend. IV. We disagree. An "officer may, consistent with the Fourth Amendment, arrest someone without a warrant if the officer has probable cause to believe the person has committed a crime." *United States v. Flores-Lagonas*, 993 F.3d 550, 560 (8th Cir. 2021) (quoting *Peterson v. Kopp*, 754 F.3d 594, 598 (8th Cir. 2014)). Probable cause exists "when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *United States v. Green*, 9 F.4th 682, 690 (8th Cir. 2021) (quoting *Royster*

*v. Nichols*, 698 F.3d 681, 688 (8th Cir. 2012)). When an officer assesses "whether a suspect possessed the state of mind required for the crime" while completing an arrest, "he need not rely on an explanation given by the suspect." *Nader v. City of Papillion*, 917 F.3d 1055, 1058 (8th Cir. 2019) (quoting *Borgman v. Kedley*, 646 F.3d 518, 524 (8th Cir. 2011)).

Here, a reasonable person could believe Slim committed or was committing a crime. Slim texted Russell to ask whether the alleged minor on the sexually suggestive dating ad was available; reiterated his desire to see her even after Russell told him the alleged minor was fifteen years old; and agreed to bring condoms and cash to the gas station, to "rock a condom," and to refrain from scaring or hurting the alleged minor. He then drove to the gas station where he had agreed to meet Russell and the alleged minor. These facts sufficiently establish probable cause to believe that Slim was attempting to commit sex trafficking crimes. *See, e.g.*, *United States v. Wolff*, 796 F.3d 972, 975 (8th Cir. 2015) (holding a defendant's "subjective intent to engage in a commercial sex act with someone he believed to be a minor female, and the substantial steps he took toward commission of that offense by arriving at the set meeting place with $200 cash and condoms, constitute attempted sex trafficking of a minor"). Slim's post-arrest attempts to explain he was confused about the alleged minor's age and only wanted a massage do not alter the probable cause analysis. *See Nader*, 917 F.3d at 1058. We thus hold law enforcement had probable cause to arrest Slim without a warrant.[3]

---

[3]Slim also argues his arrest was unreasonable because South Dakota law enforcement officers lacked authority under state law to arrest him for a federal crime. His argument is misguided. Regardless of South Dakota law on this issue, we have said "Fourth Amendment analysis does not require 'reference to an arrest's legality under state law,'" and that "'[a]n arrest by state officers is reasonable in the Fourth Amendment sense if it is based on probable cause.'" *United States v. Burtton*, 599 F.3d 823, 828 (8th Cir. 2010) (quoting *United States v. Bell*, 54 F.3d 502, 504 (8th Cir. 1995)).

Slim next asserts law enforcement violated the Fourth Amendment's prohibition against "unreasonable searches" by searching the car he drove without a warrant. We disagree. Under the search incident to arrest exception, officers may search a car incident to arrest and without a warrant if "it is reasonable to believe the vehicle contains evidence of the offense of arrest." *United States v. Stegall*, 850 F.3d 981, 984 (8th Cir. 2017) (quoting *Arizona v. Gant*, 556 U.S. 332, 351 (2009)). Here, officers reasonably believed the car contained evidence of attempted commercial sex trafficking of a minor and attempted enticement of a minor for sexual activity. Slim agreed to bring a condom for the meeting, to pay $200, and used a phone to plan his meeting with Russell. It was reasonable for officers to believe they would find this evidence in the car. We thus affirm the district court's denial of Slim's motion to suppress.

## B. Sufficiency of the Indictment

Slim next argues his indictment was insufficient because he contends his crimes cannot be based on a non-existent victim. This argument contradicts our precedent. Our caselaw states a defendant may commit both attempted commercial sex trafficking of a minor and attempted enticement of a minor for sexual activity using a facility of interstate commerce—the two offenses for which Slim was charged—if, among other requirements, the defendant subjectively intended to have sex with someone he believed to be a minor, even if his belief was mistaken. *See Wolff*, 796 F.3d at 974–75 (applying 18 U.S.C. §§ 1591 and 1594); *United States v. Helder*, 452 F.3d 751, 756 (8th Cir. 2006) (applying 18 U.S.C. § 2422(b)). We thus conclude Slim's argument fails.

## C. Sufficiency of the Evidence

Slim next argues insufficient evidence supported either conviction. We review the sufficiency of evidence from a bench trial with the same standard we use to review jury verdicts. *United States v. Morris*, 791 F.3d 910, 913 (8th Cir. 2015). We "review the sufficiency of the evidence to sustain a conviction de novo, viewing

the evidence in the light most favorable to the jury's verdict and reversing the verdict only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Shelledy*, 961 F.3d 1014, 1019 (8th Cir. 2020) (quoting *United States v. Ramos*, 852 F.3d 747, 753 (8th Cir. 2017)). Applying this deferential standard, we conclude sufficient evidence supported Slim's convictions on both counts.

To prove attempt crimes, "the government must prove that the defendant intended to commit the predicate offense and took a substantial step in furtherance of the offense." *United States v. Hensley*, 982 F.3d 1147, 1154 (8th Cir. 2020), *cert. denied*, 142 S. Ct. 379 (2021). We turn first to Slim's conviction for attempt to commercially sex traffic a minor under 18 U.S.C. § 1591(a). We have held that a person intends to commit this offense when he subjectively intends "to engage in a commercial sex act with someone he believed to be a minor female," even if that belief is mistaken. *Wolff*, 796 F.3d at 974–75. We have also held a person takes a substantial step in furtherance of this offense when he drives to a set meeting place with cash and condoms. *See id.* at 975. Here, the evidence viewed in the light most favorable to the district court's verdict sufficiently showed Slim's subjective intent to engage in a commercial sex act with someone he believed to be a minor. The evidence showed Slim initially contacted Russell in response to the ad; expressed his desire to see the alleged minor even after Russell told him she was fifteen years old; and he agreed to meet Russell at the gas station, bring condoms and cash to the meeting, and to refrain from hurting or bruising the alleged minor. The evidence also showed Slim drove to the meeting location with $200 cash and condoms in the car. This evidence was sufficient for a reasonable jury to convict Slim of attempting to violate 18 U.S.C. § 1591(a).

We next turn to Slim's conviction for attempt to entice a minor for sexual activity under 18 U.S.C. § 2422(b). Violations "of § 2422(b) require[] proof that the defendant knowingly used a facility of interstate commerce with the intent to persuade or entice [a minor] to engage in illegal sexual activity." *United States v. Larive*, 794 F.3d 1016, 1019 (8th Cir. 2015). We have held a person attempts to

commit this crime when he subjectively intends to entice a "fictitious minor female to engage in illegal sexual conduct" and takes "a substantial step towards commission of the offense by planning and ultimately driving to [a meeting spot] to meet the minor" and the meeting's facilitator. *Hensley*, 982 F.3d at 1154–55. Here, the evidence viewed in the light most favorably to the district court's verdict sufficiently shows Slim knowingly used two facilities of interstate commerce—the internet and a phone, *see United States v. Strubberg*, 929 F.3d 969, 974 (8th Cir. 2019)—to try to entice a fictitious minor female to engage in illegal sexual activity and then took a substantial step toward committing the offense by driving to the meeting spot. We thus affirm both of Slim's convictions.

## D. Hearsay

Lastly, Slim argues the district court erred under the Federal Rules of Evidence and violated his Constitutional due process rights by barring his prior attorney's testimony that Slim told the prior attorney he was only seeking a massage. We need not address the merits of this argument. Even when "an evidentiary ruling is an abuse of discretion or violates a constitutional proscription . . . we will not reverse unless the error is more than harmless in that it affected a substantial right or had more than a slight influence on the verdict." *United States v. Espejo*, 912 F.3d 469, 472 (8th Cir. 2019) (quoting *United States v. West*, 829 F.3d 1013, 1017 (8th Cir. 2016)). And any alleged error in the district court's evidentiary ruling here was harmless.

Evidentiary rulings are "harmless where the same facts are presented to the jury through other evidence." *Grussing v. Orthopedic & Sports Med., Inc.*, 892 F.3d 953, 956 (8th Cir. 2018) (quoting *Porchia v. Design Equip. Co.*, 113 F.3d 877, 881 (8th Cir. 1997)). And here, Slim testified he injured his back and sought a massage. Multiple other individuals also testified Slim injured his back and some testified they encouraged him to seek a massage. Slim's text asking if the alleged minor offered a massage was also admitted into evidence. Slim thus fails to show the exclusion of his prior attorney's testimony about his previous statement had anything more than

a "slight influence on the verdict." *See Espejo*, 912 F.3d at 472 (quoting *West*, 829 F.3d at 1017). We affirm the district court's evidentiary ruling.

### III. Conclusion

For the reasons stated herein, we affirm the judgment of the district court.

_____