# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-1143

———————————————

United States of America

*Plaintiff - Appellee*

v.

Thomas J. Trouba

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: October 16, 2023
Filed: December 11, 2023
[Unpublished]

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Thomas J. Trouba entered a conditional guilty plea to one count of conspiracy to distribute and possession with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846, pursuant to a plea agreement

which reserved Trouba's right to appeal the district court's[1] denial of his motion to suppress evidence obtained by law enforcement during the warrantless search of his truck. The district court sentenced Trouba to 120 months' imprisonment to be followed by 3 years of supervised release. Trouba appeals, contending that the district court erred in denying his motion to suppress. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

On the early afternoon of September 18, 2020, two unmarked and closed shipping-sized cardboard boxes, sitting side by side, were found on the curb outside the service entrance to the Douglas County, Nebraska Courthouse. In reviewing exterior video-surveillance footage, officers observed a man, later identified as Trouba, remove the boxes from his vehicle and place them next to the Courthouse before driving away. Trouba had appeared in traffic court in the Courthouse earlier that day. The contents of the boxes could not be seen, and suspecting that they contained explosive devices, the bomb squad detonated the boxes as a precaution. The boxes, in fact, did not contain explosives.

After determining Trouba's identity, Douglas County deputies placed his home under surveillance. Later that same afternoon, deputies saw a Ford F-150 pickup truck pull into the driveway of Trouba's home. A male and female exited the truck and removed black tote bins and duffle bags from the residence and placed them in the truck. Approximately 30 minutes after they arrived, the male left the residence in the truck and the female followed in a Dodge Dart. The license plates on the truck were registered to Trouba, and, when the truck drove by, a deputy was able to identify the driver as Trouba. Patrol deputies were advised that Trouba was wanted with respect to the fake bomb incident and that he should be stopped.

Deputy Adam Marcotte followed the truck and observed it and the Dart pull into a strip mall and park. Trouba exited the truck and began working on the tailgate.

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

Within five minutes of Deputy Marcotte's arrival in the area of the strip mall, Deputies Ken Paulison and Andrew Berkshire arrived in separate patrol cars. Deputy Paulison pulled up behind Trouba, activated his lights, and started his dashboard camera. At Deputy Paulison's request, Trouba produced identification and he was advised he was under arrest for placing a suspected bomb at the Courthouse. Trouba was then handcuffed and placed in Deputy Berkshire's patrol car. Trouba was not questioned and made no statements. The female, identified as Caitlin Gillett, was also detained and searched and then released one hour later. Given that Deputy Paulison was aware that Trouba had placed a suspected bomb outside the Courthouse and that Trouba and Gillett had been seen loading containers into the truck at Trouba's home, the deputies called a bomb dog to the scene.

While they waited for the bomb dog to arrive, deputies walked around the truck. One of the passenger-side windows was open, and Deputy Marcotte smelled the odor of marijuana coming from inside the vehicle. Deputy Paulison knew, based on his training and experience, that the odor of marijuana indicated there could be drugs in the vehicle. Looking inside the cab of the truck, Deputy Marcotte and Deputy Paulison saw a cardboard box containing a large amount of United States currency in bundles. Deputy Paulison also saw backpacks, large black duffel bags, and containers.

Deputies removed Trouba from the scene. The bomb dog arrived approximately one hour after it was requested. The dog was deployed around the truck but did not alert for explosives. When the dog did not alert, deputies opened the truck door and conducted a search of the interior. Upon opening the door, deputies noted the strong odor of marijuana. They opened one of the bags and found a large amount of marijuana as well as various products containing tetrahydrocannabinol (THC). They also found a cardboard box full of currency. Because deputies believed the truck was not in a location conducive to a thorough search, it was towed to the Sheriff's department to be searched further. Law enforcement obtained search warrants for Trouba's house based upon the search of the truck and found more marijuana, THC products, and MDMA.

Trouba filed a motion to suppress the evidence seized from the truck during the warrantless search. He further asserted that items seized during the subsequent search of his home should be suppressed as "fruit of the poisonous tree." Adopting the findings and recommendations of the magistrate judge, the district court denied the motion to suppress, finding that the warrantless search of the truck was constitutional under the automobile exception and as a search incident to arrest.

On appeal, Trouba agrees that his warrantless arrest was reasonable, Appellant Br. 24, but argues that his motion to suppress items obtained from the warrantless search of his truck should have been granted because the truck "was immobilized in a parking lot and later at the Sheriff's Office," and a search warrant could have been easily obtained. Appellant Br. 28-29. "On appeal from the denial of a motion to suppress, 'we review the district court's legal conclusions de novo and its factual findings for clear error.'" United States v. Slim, 34 F.4th 642, 646 (8th Cir.) (alteration omitted) (citation omitted), cert. denied, 143 S. Ct. 321 (2022). "We will affirm unless the denial of the motion is unsupported by substantial evidence, is based on an erroneous interpretation of the law, or it is clear, based on the entire record, that a mistake was made." United States v. Walker, 840 F.3d 477, 483 (8th Cir. 2016).

"'The Fourth Amendment proscribes all unreasonable searches and seizures,' and warrantless searches are *per se* unreasonable unless they fall under an exception to the warrant requirement." United States v. Farrington, 42 F.4th 895, 898 (8th Cir.) (citation omitted), cert. denied, 143 S. Ct. 505 (2022). "Under the automobile exception to the Fourth Amendment's warrant requirement, a police officer who has lawfully made a roadside stop of a vehicle may search the passenger compartment and trunk of that vehicle if probable cause exists to believe that contraband or evidence of criminal activity is located inside the vehicle." Walker, 840 F.3d at 483. Such searches may lawfully reach "places in which there is probable cause to believe that [contraband] may be found," including containers discovered within the automobile. California v. Acevedo, 500 U.S. 565, 579-80 (1991) (citation omitted).

In this case, law enforcement officials examined surveillance video and observed Trouba place sealed cardboard boxes on the sidewalk next to the Douglas County Courthouse and drive away. Later that afternoon, deputies saw Trouba remove tote bins and duffel bags from his home and place them in his pickup truck. Based upon the foregoing, and reasonably suspecting the tote bins and duffel bags could contain items connected with Trouba's "fake bomb," deputies possessed probable cause to stop Trouba's truck and place Trouba under arrest. Then, while looking through the open window of the vehicle, deputies detected the odor of marijuana coming from the truck's interior. "We have repeatedly held that the odor of marijuana provides probable cause for a warrantless search of a vehicle under the automobile exception." United States v. Williams, 955 F.3d 734, 737 (8th Cir. 2020); see Walker, 840 F.3d at 483 ("The odor of unburned marijuana can be highly probative in establishing probable cause for a search."). Trouba argues that the truck was immobilized while at the strip mall and later at the Sheriff's department and that a search warrant could therefore have been obtained. However, Trouba cites no case holding that the automobile exception is inapplicable where the vehicle to be searched is temporarily immobilized, and, significantly, the Supreme Court has stated:

> [T]he justification to conduct . . . a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant.

Michigan v. Thomas, 458 U.S. 259, 261 (1982) (per curiam); see also United States v. Short, 2 F.4th 1076, 1078-80 (8th Cir. 2021). We conclude that both the stop and the search of Trouba's truck were supported by probable cause and that the automobile exception applies. The district court did not err in denying Trouba's motion to suppress.

We affirm.  Trouba's pro se motions for new counsel and for oral argument are denied.

_____